Filed 4/25/16  P. v. Wheeler CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KERRY LAYNE WHEELER,<br><br>    Defendant and Appellant. | D068402<br><br><br><br>(Super. Ct. No. SCD257407) |

APPEAL from a judgment of the Superior Court of San Diego County, David M. Gill, Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Kerry Layne Wheeler was charged by amended information with possession of a controlled substance for sale (i.e., methamphetamine)

(Health & Saf. Code, § 11378; count 1) and failure to appear while on bail (Pen. Code, § 1320.5; count 2). It was further alleged defendant had two prison priors (Pen. Code, §§ 667.5, subd. (b) & 668) and three prior strike convictions (Pen. Code,[1] §§ 667, subds. (b)-(i), 1170.12 & 668). Counsel stipulated to bifurcate count 2. After granting defendant's motion to bifurcate the alleged priors, defendant waived jury trial on count 2 and count 1 was submitted to a jury.

A jury found defendant not guilty of possession of methamphetamine for sale as charged in count 1, but found him guilty of the lesser-included offense of possession of a controlled substance. (Health & Saf. Code, § 11377.) While the jury deliberated in connection with count 1, a short bench trial was held on count 2. After taking judicial notice of the fact defendant failed to appear in court on February 23, 2014, the court found defendant guilty as charged in count 2. Defendant waived jury trial on the priors and admitted the two prison priors and all of the strike prior convictions.

Before sentencing, defendant submitted a statement in mitigation in which he sought to reduce count 2 to a misdemeanor and to strike a strike prior conviction. Defendant also requested formal misdemeanor probation. In response, the People submitted a sentencing memorandum outlining defendant's long criminal history, discussed in more detail *post*. The court subsequently sentenced defendant to six years in state prison, comprised of the midterm two-year term on count 2, doubled to four years based on the strike priors, one consecutive year for each prison prior, and credit for time served on count 1.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

On appeal, defendant contends the court abused its discretion and thus erred when it refused to (1) reduce count 2 to a misdemeanor and/or (2) strike his strike prior convictions. We disagree and thus affirm the judgment of conviction.

FACTUAL OVERVIEW[2]

Briefly with respect to count 1, defendant in mid-July 2014 was contacted by police after he and another individual were seen fighting in front of a convenience store. During a pat-down search of defendant, police recovered a black nylon pouch from defendant's back pocket. Inside the pouch, police observed several baggies of an off-white crystalline substance that was later determined to be about 35 grams of methamphetamine, a green leafy substance that was later determined to be about 24 grams of marijuana, and a "bag of unknown pills."

With respect to count 2, the record shows defendant was present at the December 21, 2014 felony readiness conference where the trial on count 1 was set for February 23, 2015. The record further shows that defendant failed to appear on February 23, 2015, as required; that bail in the amount of $5,000 was forfeited; and that a bench warrant issued for defendant that same day. Police contacted defendant at night in late March 2015, after defendant was found riding a bicycle without a light. When contacted, defendant gave police his brother's name.

---

[2]     In light of defendant's contentions on appeal, we only briefly summarize the facts of counts 1 and 2.

DISCUSSION

A. *Reduction of Count 2 to a Misdemeanor*

Defendant contends the court abused its discretion when it refused under section 17, subdivision (b)[3] to reduce his conviction in count 2 to a misdemeanor.

"It is the Legislature's function ' "to define crimes and prescribe punishments . . . ." [Citation.]' [Citation.] The Legislature has classified most crimes as *either* a felony or a misdemeanor, by explicitly labeling the crime as such, or by the punishment prescribed. 'A felony is a crime that is punishable with death, [or] by imprisonment in the state prison . . . . Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions.' (§ 17, subd. (a).) There is, however, a special class of crimes involving conduct that varies widely in its level of seriousness. Such crimes, commonly referred to as 'wobbler[s]' [citation], are chargeable or, in the discretion of the court, punishable as either a felony *or* a misdemeanor; that is, they are punishable either by a term in state prison or by imprisonment in county jail and/or by a fine. (§ 17, subd. (b); . . .)" (*People v. Park* (2013) 56 Cal.4th 782, 789, fn. omitted.)

---

3    As relevant here, subdivision (b) of section 17 provides: "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] (1) After a judgment imposing a punishment other than imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170. [¶] . . . [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor."

Defendant was convicted in count 2 of violating section 1320.5. This statute provides: "Every person who is *charged with* or convicted of the commission of a felony, who is released from custody on bail, and who in order to evade the process of the court willfully fails to appear as required, is guilty of a *felony*. Upon a conviction under this section, the person shall be punished by a fine not exceeding ten thousand dollars ($10,000) or by imprisonment pursuant to subdivision (h) of Section 1170, or in the county jail for not more than one year, or by both the fine and imprisonment. Willful failure to appear within 14 days of the date assigned for appearance may be found to have been for the purpose of evading the process of the court." (Italics added.)

Here, the record shows defendant in count 1 was *charged with* possession of a controlled substance for sale—about 35 grams of methamphetamine. Under the plain language of the statute, his failure to appear after being released from custody on bail was a *felony* offense. (See *People v. Lewis* (2015) 234 Cal.App.4th 203, 210 [noting "when a statute's language is clear, the plain meaning ordinarily controls"].) That the jury ultimately acquitted defendant of possession of a controlled substance for sale and found him guilty of the lesser-included offense of misdemeanor possession is of no consequence in connection with the felony offense in count 2.

But that does not end our analysis. Assuming arguendo that section 1320.5 is a wobbler offense that is subject to reduction to a misdemeanor under subdivision (b) of section 17, the next issue is whether the court properly exercised its broad discretion when it refused to reduce count 2 to a misdemeanor because of what the court termed was defendant's "horrendous" prior criminal record.

" 'The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.'  [Citation.]  Concomitantly, '[a] decision will not be reversed merely because reasonable people might disagree.  "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge."  [Citations.]'  [Citation.]

"We find scant judicial authority explicating any criteria that inform the exercise of section 17(b) discretion.  [Citation.]  However, since all discretionary authority is contextual, those factors that direct similar sentencing decisions are relevant, including 'the nature and circumstances of the offense, the defendant's appreciation of and attitude toward the offense, or his traits of character as evidenced by his behavior and demeanor at the trial.'  [Citations.]  When appropriate, judges should also consider the general objectives of sentencing such as those set forth in California Rules of Court, rule 410.[4]"  (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977-978 (*Alvarez*).)

---

[4]     California Rules of Court, rule 4.410 provides: "(a) General objectives of sentencing include: [¶] (1) Protecting society; [¶] (2) Punishing the defendant; [¶] (3) Encouraging the defendant to lead a law abiding life in the future and deterring him or her from future offenses; [¶] (4) Deterring others from criminal conduct by demonstrating its consequences; [¶] (5) Preventing the defendant from committing new crimes by isolating him or her for the period of incarceration; [¶] (6) Securing restitution for the victims of crime; and [¶] (7) Achieving uniformity in sentencing. [¶] (b) Because in some instances these objectives may suggest inconsistent dispositions, the sentencing judge must consider which objectives are of primary importance in the particular case.  The sentencing judge should be guided by statutory statements of policy, the criteria in these rules, and the facts and circumstances of the case."

Here, the record shows that defendant had four prior serious felony and strike convictions, which included robbery with personal use of a gun, residential burglary with personal use of a gun, residential burglary, possession of stolen guns, and domestic violence; that defendant had served a total of six prior prison terms and had been sentenced to a total of 38 years four months in prison in the last 29 years; that defendant's prior performance on probation or parole was "unsatisfactory," as defendant had yet to "successfully complete" three grants of formal probation and six grants of parole; that at the time of sentencing on count 2, defendant had 12 felony convictions; that when defendant committed the instance offense, he had been off of parole for only about three months; and that during the time he failed to appear for two court hearings, including the February 23, 2014 trial date, defendant "picked up two new cases and in both he gave the police a fake name."

On this record, we conclude defendant cannot meet his burden to show the court's decision not to reduce count 2 to a misdemeanor and to impose the midterm of two years on count 2—which was doubled to four years as a result of the strike priors—was "irrational or arbitrary." (See *Alvarez*, *supra*, 14 Cal.4th at p. 977.)

B. *Failure to Strike Prior Strike Convictions*

We review a ruling upon a motion to strike a prior felony conviction pursuant to section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*) under an abuse of discretion standard. (*People v. Williams* (1998) 17 Cal.4th 148, 162.) The defendant bears the burden of establishing the trial court's decision was unreasonable or arbitrary. (*Alvarez*, *supra*, 14 Cal.4th at p. 977.) We do not substitute our judgment for that of the trial court. (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.) "It is not

7

enough to show that reasonable people might disagree about whether to strike one or more of [the defendant's] prior convictions." (*Ibid.*) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).)

Here, the record shows that during the sentencing hearing, the court examined the nature and circumstances of both the present convictions and defendant's *lengthy* prior criminal history, as summarized *ante*; that the court was aware of its discretion to strike the prior strike convictions; and that the court ultimately exercised its discretion when it found no "compelling reason" under section 1385 and *Romero* to strike a prior strike conviction. Thus, it is clear the court thoughtfully considered all of the relevant circumstances before concluding that defendant's situation was not so extraordinary as to fall outside the spirit of the three strikes scheme. (See *Carmony*, *supra*, 33 Cal.4th at p. 378.) We find no abuse of discretion.

DISPOSITION

The judgment of conviction is affirmed.


BENKE, Acting P. J.

WE CONCUR:


McDONALD, J.


IRION, J.

8